IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–01091–PAB–KMT

CONTOUR PAK, INC., a Colorado corporation,

    Plaintiff,

v.

EXPEDICE, INC., a Nebraska corporation,

    Defendant.

---

**ORDER**

---

This matter is before the court on "Plaintiff's Motion to Strike Dr. Mary Finn and William Kenedy as Expert Witnesses" (Doc. No. 101, "Mot."). Defendant's response was filed on June 23, 2009 (Doc. No. 114, "Resp."), and the reply was filed on July 1, 2009 (Doc. No. 118, "Reply").

Plaintiff disclosed its experts, Dr. Douglas Rice and Matthew Wester, on January 21, 2009. (*Id.* at 2.) Defendant disclosed its experts, Dr. Mary Finn and William Kennedy, on March 2, 2009.[1] (*Id.*) Defendant's experts were deposed by Plaintiff on April 23, 2009. (Resp.

---

[1] The court notes that the parties received three extensions to designate experts and rebuttal experts. (*See* Doc. Nos. 59, 71.) The last extension granted allowed the parties to designate experts by January 16, 2009, and to designate rebuttal experts by February 24, 2009. (Doc. No. 71.) The parties did not seek another extension to disclose experts, but instead agreed to an extension to disclose experts and rebuttal experts (Resp. at 1.), in violation of D.C.COLO.LCivR 6.1c. However, the parties apparently complied with their own stipulated extensions for expert disclosures.

at 2.)  Plaintiff seeks an order striking Defendant's experts pursuant to Fed. R. Civ. P. 37(c)(1), Federal Rule of Evidence 702, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  The portion of the motion not invoking Federal Rules of Evidence 408 and 702 and *Daubert* was referred to the magistrate judge by Judge Philip A. Brimmer.  (Doc. Nos. 124, 125.)

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires that parties disclose the identity of any witness who is retained or specially employed to provide expert testimony and that the disclosure be accompanied by a written report.  Each expert report must be in writing and signed by the expert, and must contain (1) a complete statement of all the expert's opinions and the basis and reasons therefor; (2) the data and information considered by the expert; (3) any exhibits to be used as support for or a summary of the opinions; (4) the qualifications of the expert and all publications authored by the expert in the past ten years; (5) a list of all other cases in which the expert has testified at trial or at deposition in the past four years; and (6) a statement of the expert's compensation for his review and testimony.  Fed. R. Civ. P. 26(a)(2)(B).

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that a party who, without substantial justification, fails to make the required disclosures shall not, unless such failure is harmless, be permitted to use as evidence at trial any witness or information not so disclosed.  In applying Rule 37(c)(1), the court must first determine whether substantial justification for failing to make the required disclosures exists.

"Substantial justification" is satisfied where there exists a genuine dispute concerning compliance.  *See Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988).  In this context:

> Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance.

*Nguyen*, 162 F.R.D. at 680 (internal citation omitted).

Next, the court must decide whether the failure to disclose is harmless. *See* Fed. R. Civ. P. 37(c)(1). Failure to comply is harmless where there is no prejudice to the party entitled to the disclosure. *Id.* "The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosures." *Id.*

A court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citing *U.S. v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)). However, the court should consider (1) whether the other party will be prejudiced, (2) the ability to cure any prejudice, (3) whether allowing the evidence would disrupt the trial, and (4) the violator's bad faith or willfulness. *Woodworker's Supply,* 170 F.3d at 993.

While Rule 37(c)(1) is written in mandatory terms, it also vests the court with discretion to impose "other appropriate sanctions" in addition to or in lieu of an order striking witnesses or evidence not properly disclosed. *See* 170 F.3d at 993 (recognizing that Rule 37(c) vests broad discretion with the trial court).

*1.*     *Dr. Finn*

Plaintiff argues that Dr. Finn should be stricken as an expert witness because she has not provided adequate disclosures and she has given evasive testimony.  (Mot. at 2–10.)

    *A.*     *Failure to Provide List of Exhibits Used to Summarize Opinions and Failure to Disclose Completely the Data and Information Considered*

Plaintiff states that Defendant did not disclose any exhibits used by Dr. Finn.  (Mot. at 3, 7.)  Plaintiff contends that Dr. Finn "failed to disclose substantial amounts of information and data that was supplied to her, and which she now claims to have relied upon in reaching her opinions."  (*Id.* at 7.)  Defendant contends that Dr. Finn has been retained as a rebuttal expert to Dr. Rice, and that, by disclosing her reliance on Dr. Rice's report in forming the basis for her opinions, Dr. Finn incorporated the documents included and identified by Dr. Rice in his report.  (Resp. at 2–3.)  Defendant avers that "[i]t logically follows that any information relied upon and identified by Dr. Rice can be expected to have been relied upon by Dr. Finn."  (*Id.* at 3.)  Defendant argues that Dr. Finn stated in her expert report that she had reviewed the report of Dr. Rice, that she had performed a visual observation of hot and cold pak products provided to her by Expedice, and reviewed "materials and products provided."  (*Id.* at 2.)  Additionally, after Plaintiff filed its motion, Defendant supplemented Dr. Finn's disclosure with a report dated June 19, 2009, in which Dr. Finn clarifies the exhibits and data she considered in reaching her opinions.  (Resp., Ex. BB at 1–2.)  Plaintiff states that all of the disclosed documents were present at Dr. Finn's deposition and that Dr. Finn was questioned about the documents at her deposition.  (*Id.* at 4.)

### B.     *Failure to Provide List of Testimony*

Plaintiff states that Defendant did not provide a list of Dr. Finn's prior testimony with its rebuttal disclosure. (Mot. at 3, 7.) Plaintiff responds that Dr. Finn omitted her testimony list from her original report, but that the list was provided to Plaintiff's counsel at Dr. Finn's deposition.[2] (Resp. at 4–5.) Defendant gives no reason the list was not disclosed in a timely manner. However, Defendant states that Plaintiff "was given an opportunity to question Dr. Finn about her previous expert witness testimony experience and thoroughly asked her questions in this regard." (*Id.* at 5.)

### C.     *Failure to Provide List of Publications*

Plaintiff states that Dr. Finn did not provide a list of her publications she has authored in the past ten years. (Mot. at 3, 7.) In response, Defendant states Dr. Finn did not provide a list of publications because she has no such publications, and that Dr. Finn states this in her supplemental report. (Resp. at 4.)

---

[2]This portion of the rule requires disclosure of "'cases' in which the witness has testified. The identification of 'cases' at a minimum should include the courts or administrative agencies, the names of the parties, the case number, and whether the testimony was by deposition or at trial. Such information should be sufficient to allow a party to review the proceedings to determine whether relevant testimony was given. With this information, a party should be able to determine the type of claim presented and locate any recorded testimony." *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D. Kan. 1995); *accord Norris v. Murphy*, 2003 WL 21488640 at *1 (D. Mass. June 26, 2003)(same). The court notes that the list provided by Dr. Finn does not contain all of this information. However, Plaintiff seems not to object to the <u>content</u> of the list, but only that the list was not provided in a timely manner. Accordingly, the court will not address whether the list itself is sufficient.

### D.     *Failure to Fully Disclose Opinions*

Plaintiff states that Dr. Finn failed to disclose several opinions in her report and/or changed her opinion after she issued her report.  (Mot. at 2, 5.)  Plaintiff states that in her report, Dr. Finn opined that "Because of therapeutic claims included in the label, the FDA, through it [sic] Good Manufacturing Practices (GMP), is the regulating body for production of the Paks and Contour Pak is responsible for ensuring that its contract packagers meet these requirements."  (Mot. at 2.)  In her report, she also stated that Contour Pak was required by the FDA to do stability testing on the gel.  (*Id.*)  Plaintiff states that at her deposition, Dr. Finn opined that the products were exempt from FDA regulations, and that her previous opinion that Contour Pak was responsible for complying with GMPs and stability testing was incorrect.  (*Id.* at 5.)  Plaintiff states that "one of the few documents that [Dr. Finn] did produce at her deposition was an analysis that she prepared supporting that new opinion."  (*Id.*)  Defendant states that Plaintiff questioned Dr. Finn at length regarding the change in her opinion at her deposition.  (Resp. at 6.)  In addition, Dr. Finn supplemented her report on June 19, 2009, and listed the changed opinion.  (*Id*, Ex. DD at 1.)

### E.     *Failure to Comply with Disclosure Deadline*

Plaintiff complains that Dr. Finn made a site visit to the Expedice facility in Omaha after the preparation of her March 2 report.  (Mot. at 5, 8.)  Defendant argues that Dr. Finn did not change any of the opinions in her report based on her visit (Resp. at 5.)  At the time of her deposition, Dr. Finn stated that the work done after March 2 did not change her opinions (*id.*, Ex. AA at 12–13), and Dr. Finn also stated in her supplemental report that she "did not prepare a

report regarding this visit as my report in this case is the March 2, 2009 report previously disclosed." (*Id.*, Ex. DD at 2.)

Plaintiff also states that Dr. Finn performed destructive testing on certain products provided by Defendant subsequent to her report. (Mot. at 5, 8.) Again, Dr. Finn testified at her deposition that the testing added to but did not change her opinions. (Resp., Ex. AA at 12–13.)

### F.     *Failure to Comply with Subpoena Duces Tecum*

Plaintiff asserts that it issued a subpoena *duces tecum* to Dr. Finn prior to her deposition requiring her to bring her file in this case to the deposition. (Mot. at 3.) Dr. Finn accepted service of the subpoena. (*Id.*) Plaintiff states that in her deposition, initially Dr. Finn stated that she had email communication and billing records that had not been produced. (*Id.*) When Dr. Finn was asked if she had any additional documents that she had considered in preparation of her report, she stated that she had only Dr. Rice's report. (*Id.* at 3–4.) Plaintiff contends that Dr. Finn "changed her testimony" throughout the course of the deposition as she recalled additional materials she had received from Defendant and had not included in her report or provided prior to the deposition. (*Id.* at 4.) Plaintiff states that in late-May 2009, it received copies of the documents from Dr. Finn's file responsive to the subpoena *duces tecum*. (*Id.* at 6.)

In response to this argument, Defendant first states that although Dr. Finn failed to bring her entire file with her to the deposition, Defendant's counsel did provide it on May 21, 2009. (Resp. at 6; Ex. GG at 3–4.) Defendant also argues that Rule 37(c) sanctions pertain to disclosures by Rule 26(a) or (e) and not to Plaintiff's issues regarding the subpoena *duces tecum*.

7

(*Id.* at 6.) In addition, Defendant states Plaintiff has been given the opportunity to further depose Dr. Finn but has not done so. (*Id.*)

### G.     *Failure to Supplement Report*

Plaintiff contends that Dr. Finn did not supplement her report concerning her changed opinions regarding applicability of the FDA regulations, her visit to Expedice's Omaha facility, or her belated inspections and testing. (Mot. at 9.) However, on June 19, 2009, Dr. Finn supplemented her original report. (Resp., Ex. DD at 1–2.) In the supplement, Dr. Finn discusses these "changed opinions," her visit to the Expedice facility, and the testing she performed. (*Id.*)

### H.     *Substantial Justification*

The court finds that Defendant does not have substantial justification for its failure to comply with the Rule 26(a)(2) disclosure requirements. For the most part, Defendant admits that it failed to comply but states that the omissions were "errors made under the gun" that "[a]dmittedly, [do not] justify the omissions." (Resp. at 8.) There is no argument by Defendant that their failure "could satisfy a reasonable person that the parties could differ at to whether [Defendant] was required to comply with the disclosure request." *Ngyuen*, 162 F.R.D. at 680.

However, the court is unconvinced that Defendant's failure to comply with Rule 26(a)(2) harmed Plaintiff, as Plaintiff has failed to show any prejudice resulting from Defendant's non-compliance. *Id.* It appears Plaintiff has received all of the information omitted from Defendant's initial rebuttal disclosure of Dr. Finn. In fact, it appears Plaintiff had nearly all of the documents and information available at the time of Dr. Finn's deposition. Defendant has supplemented Dr. Finn's disclosure. In addition, Defendant has offered to allow Dr. Finn to be

re-deposed, but Plaintiff has not taken advantage of this request.[3] In addition, the court does not see how allowing Dr. Finn to testify will disrupt the trial, and the court does not find that there was any bad faith in Defendant's failure to comply. Accordingly, as the court finds Defendant's failure to comply was harmless, Plaintiff's motion to strike Dr. Finn as an expert is DENIED.

*2.    Mr. Kenedy*

Plaintiff also argues that Mr. Kenedy should be stricken as an expert witness because he used inadmissible evidence in his report, regurgitated arguments outside his expertise and fed to him by Defendant, and then concealed his actions during his deposition. (Mot. at 11.) The portion of the motion related to Mr. Kenedy's qualifications has not been referred to the magistrate judge.

*A.    Failure to Comply with Subpoena Duces Tecum*

Mr. Kenedy also was deposed on April 23, 2009. (Resp. at 2.) On April 2, 2009, Plaintiff provided defense counsel with a notice to take Mr. Kenedy's deposition. (*Id.*, Ex. HH.) In addition, Mr. Kenedy agreed to accept service of a subpoena *duces tecum* to bring documents

---

[3]The court again notes that the parties failed to comply with the deadlines set in the Scheduling Order and minute order extending those deadlines. The court initially set a December 22, 2008, discovery deadline (Doc. Nos. 36, 37) which was extended by minute order to March 24, 2009, upon motion of the parties (Doc. No. 72). The parties did not seek another extension of the discovery deadline but instead chose to extend the deadline themselves, taking at least the depositions of the experts at issue in this motion a month after the discovery deadline. To the extent Plaintiff may argue that it could not have re-deposed Defendant's experts because the discovery deadline had passed, the court finds this argument unconvincing and disingenuous. The parties cannot, on the one hand, choose to ignore the deadlines set forth in the court's orders and then, on the other hand, use those deadlines to advance an argument that they could not have conducted additional discovery.

to his deposition. (Mot. at 12.) Plaintiff states that, per the typical practice, the notice and subpoena incorporated by reference a separate attachment describing the documents. (*Id.*) However, Plaintiff admits that the wrong document was attached to the notice and subpoena, and instead of seeking documents typically found in an accounting expert's file, the attachment requested "documents that [the expert] generally provide purchases of the Products" or documents "regarding any proper or recommended method(s) for storing, mixing, or otherwise handling the Products." (*Id.*) Plaintiff contends that this was an obvious error, and that "Mr. Kenedy's testimony and subsequently discovered documents demonstrate that both Mr. Kenedy and [defense counsel] immediately recognized the error, and fully realized that Expedice was seeking Mr. Kenedy's file" but instead chose to "'comply' with the nonsensical subpoena." (*Id.*) Defendant counters that there is no way it could have known the intent of the mistaken subpoena. (Resp. at 11.) Defendant states that Mr. Kenedy brought more with him to the deposition than was required, and even if he had been subpoenaed to bring his entire file to the deposition the failure to do so would not warrant the remedy of striking him as an expert. (*Id.*)

### *B.     Lack of Candor at Deposition*

Plaintiff also alleges that Mr. Kenedy gave false testimony at his deposition and, therefore, he should be stricken. (Mot. at 18.) Plaintiff contends that Mr. Kenedy's failure to comply with the faulty subpoena prohibited Plaintiff's counsel from questioning Mr. Kenedy at the deposition concerning "the process followed and information considered in preparing his Report," specifically regarding the date he was retained and whether the report is Mr. Kenedy's own work product or if he "simply adopted arguments prepared by Expedice." (*Id.* at 13–14.)

At his deposition, Mr. Kenedy denied giving either any members of the Pierson family, some of whom are owners of Expedice, or Defendant's counsel a draft of his report prior to its completion. (*Id.* at 14.) Mr. Kenedy also denied adding anything to his report afer preparing the initial draft. (*Id.*) Plaintiff states it was unable to question Mr. Kenedy further regarding this testimony absent the documents from Mr. Kenedy's file. (*Id.*)

Plaintiff issued a second subpoena to Mr. Kenedy after his deposition requesting all of his file materials. (Resp., Ex. KK at 3.) Mr. Kenedy complied with the subpoena and provided all of his file materials on April 30, 2009. (*Id.*, Ex. LL.) Contained in the file were documents confirming that Mr. Kenedy had sent a draft of his report to defense counsel on February 23 and that defense counsel asked Mr. Kenedy to meet and discuss the draft report. (Mot. at 14–15.) After the meeting, Mr. Kenedy prepared a new draft and forwarded it to defense counsel. (*Id.* at 15.) Plaintiff contends that Mr. Kenedy substantially changed his report after his meeting. (*Id.*)

Defendant argues that Mr. Kenedy had some "bumps in his memory regarding when he was retained," but he corrected his testimony during the deposition. (Resp.. at 12–14.) Defendant also states that as soon as Mr. Kenedy realized he actually had provided a draft of his report to defense counsel, he wrote a letter to defense counsel informing her of his mistake and offering to make himself available, at no charge, to answer any additional questions defense counsel might have. (*Id.* 1t 14–15.) Additionally, Plaintiff has been advised Mr. Kenedy is available to be deposed a second time if necessary. (*Id.*, Ex. NN.) Plaintiff has not requested a second deposition. (Resp. at 12.)

### C. *Substantial Justification*

The court finds that Mr. Kenedy's failure to provide his file at his deposition is not a ground for striking a witness under Rule 37(c), as that is not a part of the disclosure requirement of Rule 26(a) or (e). Even if it were, the court must determine whether substantial justification for failing to make the required disclosure exists. In this case, the court finds there is a substantial justification because there is a genuine dispute concerning compliance. *See Pierce*, 487 U.S. at 656-66. In addition, though Plaintiff claims prejudice, the Plaintiff created its own prejudice by failing to provide a subpoena *duces tecum* with the proper attachment. The court is not convinced by Plaintiff's argument that Dr. Kenedy should have known to bring his entire file to the deposition. In addition, Plaintiff could have cured the prejudice it created for itself simply by deposing Mr. Kenedy a second time, as both Mr. Kenedy and defense counsel offered. Moreover, Plaintiff will be able to cross-examine Mr. Kenedy at trial about his alleged lack of candor and false testimony at deposition. The court agrees with Defendant that these issues relate to Mr. Kenedy's credibility and not to whether he was properly disclosed as a witness. Allowing this testimony will not disrupt the trial, and the court does not find that there was any bad faith in Mr. Kenedy's deposition testimony or on the part of Defendant.

Accordingly, Plaintiff's motion to strike Mr. Kenedy as an expert for these reasons is

DENIED.  The remainder of the motion to strike remains pending before Judge Brimmer.

Dated this 14th day of August, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge